FILED & JUDGMENT ENTERED
Steven T. Salata

Jun  03  2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re:                              )
                                    )
**KAYE SHEHAN YAFFE,**              )         Chapter 13
                                    )         Case No. 16-30542
                    Debtor.         )
_____)

### ORDER DISMISSING CASE AND BARRING REFILING FOR 180 DAYS

**THIS MATTER** is before the court on its April 5, 2016 Order to Appear and Show Cause ("Order").  This case is the Debtor's fourth bankruptcy case in the last three years (and seventh case in the last nine years).  The Debtor's last three cases before this case were all dismissed within eight months due to the Debtor's default in her plan payments.  Case no. 13-31538 was filed on July 15, 2013 and dismissed on September 20, 2013. Case no. 13-32450 was filed on November 18, 2013 and dismissed on June 12, 2014.  Case no. 15-30318 was filed on March 6, 2015 and dismissed on November 5, 2015.  This case was filed on April 1, 2016 with a "bare-bones" voluntary petition and without most of the schedules and statements required of Chapter 13 debtors.

The Order set a hearing on April 26, 2016.  The Debtor; an

attorney for the Debtor, Guy Cousins ("Cousins");[1] and the Chapter 13 Trustee appeared at the April 26 hearing. At the hearing, the court noted that the Debtor had filed her missing schedules and statements, Cousins said the Debtor had a change in employment since her prior cases, the Debtor discussed her new job with Kelly Cars, and the Chapter 13 Trustee said he shared the court's suspicions about the Debtor's motives, he thought the Debtor's multiple cases were part of a scheme to delay a foreclosure, and he did not think her Chapter 13 plan in this case was feasible.[2] Cousins asked for a continuance to allow the Debtor's attorney of record, Michael Hoard ("Hoard"), to appear on her behalf. The court granted the requested continuance but also noted that this case would likely be dismissed at the continued hearing if the Debtor did not have anything new to offer.

The Debtor, Hoard, and an attorney for the Chapter 13 Trustee appeared at the continued hearing on May 31, 2016.[3] The Debtor repeated her description of her new job with Kelly Cars, and the attorney for the Chapter 13 Trustee repeated her office's concerns about the feasibility of the Debtor's plan and

---

[1] Cousins represented the Debtor at the April 26 hearing because the Debtor's attorney of record had an "issue" in Chicago.

[2] The Debtor's proposed Chapter 13 plan calls for plan payments of $2700 for 2 years followed by payments of $6958 for 3 years without explaining how the Debtor would afford the $4258 increase in the amount of her payments. The Debtor's Schedule J shows net income of $2987.67 without including the direct payments to her second mortgage proposed by her plan.

[3] The court also held a hearing on Hoard's motion to withdraw as the Debtor's attorney on May 31, 2016.

noted that the Debtor had not made any plan payments.  The Debtor said she had not made any plan payments on the advice of Cousins, but Hoard noted that the Trustee instructed the Debtor to mail a plan payment at her § 341 meeting of creditors.

Given the Debtor's multiple cases, the feasibility questions about her plan in this case, and the Debtor's failure to make any plan payments in the two months since she commenced this case, the court concludes that the Debtor filed this case in bad faith and that it represents an abuse of the bankruptcy process.  Accordingly, this case is hereby **DISMISSED** for cause pursuant to 11 U.S.C. § 1307(c), and the Debtor is hereby **BARRED** from filing additional bankruptcy cases for the 180 days following the entry of this order.

      **SO ORDERED.**

This Order has been signed                    United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.

3